885 So.2d 22 (2004)
Howard KRAEMER, III
v.
Wayne JOSEPH, Deatrice Gauff and her Liability Insurance Carrier, U.S. Agencies Casualty Insurance Company.
No. 04-CA-270.
Court of Appeal of Louisiana, Fifth Circuit.
September 28, 2004.
*23 Daniel E. Becnel, III, Laplace, LA, for Plaintiff/Appellant.
Joseph R. McMahon, III, Metairie, LA, for Defendant/Appellee.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Following a bench trial in this automobile accident case, the trial court ruled in favor of defendant, U.S. Agencies, dismissing the petition of plaintiff, Howard Kramer, III. Plaintiff now appeals from this judgment. For the reasons stated herein, we affirm.

Facts
Plaintiff, Howard Kramer, III, was involved in a vehicular collision with a car being driven by defendant, Wayne Joseph. Plaintiff sustained severe injuries in this accident, and brought the instant personal injury suit against Joseph, Deatrice Gauff, the owner of the vehicle, and U.S. Agencies Casualty Insurance Company, the insurer of the vehicle. U.S. Agencies answered the petition denying any negligence of its insured and further averring that the accident was caused by the fault of plaintiff. Subsequently, defendants U.S. Agencies and Deatrice Gauff filed a reconventional and third party demand against plaintiff and his insurer State Farm Mutual Automobile Insurance *24 Company for the property damages sustained to Gauff's vehicle.
This matter was tried on January 27, 2003. At trial, plaintiff testified that he was driving his vehicle westbound on River Road in St. John Parish at approximately 3:00 a.m. on September 1, 2001. Plaintiff's wife was riding as a passenger in the vehicle and the couple was returning home after an evening at a local lounge. Plaintiff stated that he had one or two alcoholic drinks during the four or five hours he was at the lounge. Plaintiff stated that on the ride home, he and his wife were talking and he passed up the turn to their house. After driving for about one mile, plaintiff stated he pulled over into a parking lot to continue the conversation. He stated that after a few minutes, they decided to go home and plaintiff turned around in the parking lot and drove back onto River Road in an eastbound direction. Plaintiff then proceeded eastbound on River Road. Plaintiff stated that seconds later, a vehicle being driven by defendant traveled into the eastbound lane of travel and struck his vehicle. In conjunction with his testimony, plaintiff submitted copies of his medical records and well as photographs of his vehicle after the accident.
Defendants, Wayne Joseph and Deatrice Gauff, did not testify at trial. However, defendant U.S. Agencies submitted the trial testimony of Kelly Haddad, a claims manager in their litigation section. Ms. Haddad stated that U.S. Agencies made a payment for the property damage on the vehicle owned by Deatrice Gauff in the amount of approximately $10,000. Ms. Haddad also stated that in conjunction with this claim, she had the opportunity to review the medical records of Howard Kramer. She stated that these records indicate that a blood sample was drawn from plaintiff at the hospital at 4:00 a.m. on the date of the accident which showed a blood alcohol level of 0.14.
Defendant also submitted the deposition testimony of plaintiff's estranged wife, Elizabeth Champagne, and the deposition of Roy Ingolia, the state trooper who responded on the night of the accident. Ms. Champagne testified that on September 1, 2001, she was a passenger in a vehicle driven by her husband, Howard Kramer. She stated that she and her husband had been at a bar for four or five hours prior to the accident and that her husband had consumed five or six beers during this time period. She stated that she and her husband were arguing on the way home from the bar because she did not want to leave. Her husband passed up the turn for their house and pulled over in a parking lot to talk. After a few minutes, her husband began driving again in a westbound direction and another vehicle crossed into their lane of travel, striking her husband's vehicle.
Trooper Ingolia testified that he responded to the accident in question during the early morning hours of September 1, 2001. Trooper Ingolia referred to the police report he prepared for this incident and stated that after an investigation of the accident scene, he found Mr. Kramer to be at fault in this accident. The information the trooper gathered indicated that the Joseph vehicle was traveling westbound on River Road behind the vehicle being driven by Mr. Kramer. According to Mr. Joseph, Mr. Kramer pulled over into the parking lot and then attempted to enter the roadway by making a U-turn and travel eastbound. Trooper Ingolia was unable to speak to Mr. Kramer before he was transported to the hospital, but he concluded that the accident occurred in the westbound lane of traffic when Mr. Kramer pulled his vehicle directly into the path of the Joseph vehicle. Trooper Ingolia also *25 identified photographs of the vehicle which indicate that damage to each vehicle, and he testified that the extent and nature of the damage led him to conclude that the accident occurred when Mr. Kramer pulled into the westbound lane traveled by Mr. Joseph. Trooper Ingolia also testified that he visited Mr. Kramer in the hospital after the accident and found him to smell of alcohol and to have slurred speech.
On cross-examination, Trooper Ingolia stated that he performed a blood alcohol test on Mr. Kramer at 5:45 a.m. which indicated a blood alcohol level of .04, which Trooper Ingolia acknowledged was not above the legal limit. Although he arrested Mr. Kramer for DWI, he was aware that the district attorney had dismissed these charges against Mr. Kramer.
Following trial, the trial court took the matter under advisement. By judgment rendered on May 30, 2003, the trial court granted judgment in favor of defendant U.S. Agencies, dismissing plaintiff's petition at this cost. In its reasons for judgment, the trial court found the testimony was both confusing and conflicting. The trial court noted that the photographs depicting damage to the vehicles involved in this accident supported the version of the accident given by Trooper Ingolia, rather than the version of the accident given by plaintiff. Based on this determination, the trial court found that plaintiff failed to carry his burden of proof by a preponderance of the evidence. Plaintiff now appeals this judgment on the basis of four assignments of error.

Discussion
By his first two assignments of error, plaintiff contends that the trial court erred in disregarding his uncontroverted testimony, when the defendant did not appear at trial to offer contradictory testimony as to the facts of the accident. Plaintiff contends that the trial court's misinterpretation of the facts in this case require a de novo review by this court.
Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even if the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La. 1989). Where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly wrong. Id. Where the factfinder's conclusions are based on determinations regarding credibility of the witnesses, the manifest error standard demands great deference to the trier of fact, because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Id. Nevertheless, when the court of appeal finds that a reversible error of law or manifest error of material fact was made in the trial court, it is required, whenever possible, to redetermine the facts de novo from the entire record and render a judgment on the merits. Id.
The reviewing court must always keep in mind that if a trier of fact's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even if convinced that if it had been sitting as trier of fact, it would have weighed the evidence differently. Stobart v. State, through DOTD, 617 So.2d 880 (La.1993). In the present case, we have reviewed the entire record and exhibits, and we fail to find that the trial court's credibility determinations in this case are manifestly erroneous.
While the record in this case indicates that defendants did not appear or testify at trial, the record nevertheless contains evidence which contradicts plaintiff's *26 version of how the accident occurred. Trooper Ingolia testified that during his investigation of this accident, he spoke to the driver of the second vehicle involved, Wayne Joseph. He stated that based on his experience investigating accidents, he found that Mr. Joseph's version of the accident was more likely based on evidence from the accident scene and he placed fault in the accident on plaintiff. Further, the photographs contained in the record depicting damage to the vehicles fail to support plaintiff's version of how the accident occurred. The damage to plaintiff's vehicle is on the front and driver's side door, and the damage to defendant's vehicle is on the front end, but primarily on the right side. The damage to the vehicles is not consistent with plaintiff's version that the Joseph vehicle traveled into the lane occupied by plaintiff. Rather, the photographs support a finding that plaintiff turned out of the lot in front of the Joseph vehicle as suggested by Trooper Ingolia.
Our review of the record indicates that the trial court was presented with conflicting versions of how the accident occurred, and the trial court made a factual determination to reject plaintiff's testimony based on other evidence in the record. We fail to find this credibility determination to be manifestly erroneous and therefore no de novo review is required.
Plaintiff next contends that the trial court erred in allowing Kelly Haddad, the claims adjuster, to present facts and laboratory evidence which were not within her first hand knowledge. The record indicates that Ms. Haddad testified as to the contents of her file involving plaintiff's claims against the insurer. Although she testified as to the results of a blood test performed on plaintiff on the date of the accident, she did not comment on whether such results constituted a violation of the law. Further, the trial court did not reach its conclusion of fault based on a finding that plaintiff was intoxicated at the time of the accident. We find no error of the trial court in allowing the testimony by this witness.
Finally, plaintiff contends that the trial court erred in allowing the police officer in this case to give expert testimony in violation of La. C.E. art. 701. Trooper Ingolia testified as to his investigation of the accident in question. He stated that he spoke to one of the drivers involved, and that he assessed the physical evidence at the scene. Although he reached a conclusion based on this investigation as to who he believed was at fault in the accident, this opinion was rationally based on the perception of the witness and did not constitute impermissible expert testimony. La. C.E. art. 701. Further, the trial court found that Trooper Ingolia's deposition testimony offered little to assist the court's consideration on the issue of how the accident occurred. Rather, the trial court relied on the photographs which depicted the damage to the vehicle in making its factual determination of how the accident occurred. Under these circumstances, we fail to find that the trial court committed error in allowing the testimony of Trooper Ingolia as to the cause of the accident in this case.

Conclusion
Accordingly, for the reasons assigned herein, the judgment of the trial court is affirmed. Appellant shall bear all costs of this appeal.
AFFIRMED.