MARION F. EDWARDS, Judge.
| gPlaintiffs-appellants (“plaintiffs”), Marsha Morgan and Kerry Jones, appeal the trial court’s award of damages to them in this automobile accident case. In their answer to the appeal, defendants-appellees (“defendants”) likewise appeal the award of damages to the plaintiffs and assert that the trial court further erred in its determination of liability. For the reasons that follow, we affirm.
On October 13, 2003, plaintiffs, Marsha Morgan (“Morgan”), Kerry Jones (“Jones”), and Diane Morgan, filed the instant suit in the Fortieth Judicial District Court for the Parish of St. John the Baptist against defendants, the Louisiana Department of Transportation and Development (“DOTD”), Stephen Perrilloux (“Perrilloux”), and Perrilloux’s insurer alleging that Perrilloux, an employee of *410 DOTD, was responsible for causing an automobile accident on June 18, 2003 that resulted in plaintiffs’ injuries. After the parties stipulated that damages did not |sexceed $50,000 per plaintiff, the case proceeded as a bench trial on December 28, 2005. The trial court, on April 24, 2006, rendered judgment in favor of plaintiffs, awarding Morgan $9,700 in general damages in addition to $4,135.48 in medical costs, and also awarding Jones $7,800 in general damages in addition to $9,173.72 in medical costs. Plaintiffs timely filed the instant appeal.
On appeal, plaintiffs raise three assignments of error: (1) the trial court erred in finding that Morgan suffered a soft-tissue injury resulting in multi-level disc bulging; (2) the trial court erred by finding that Jones suffered a soft-tissue injury while also stating that Jones had neck and back pain radiating down into his legs; and (3) the trial court erred by awarding damages to Morgan and Jones that were not commensurate with the injuries they sustained in the accident at issue.
In their answer to plaintiffs’ appeal, defendants assert that the trial court erred in its allocation of fault, in its determination of causation with regard to plaintiffs’ injuries, and in its award of damages.
We begin our analysis by addressing the defendants’ assertion that the trial court erred in its allocation of fault. We note that the judgment in this case, while it awards damages to the plaintiffs, fails to make a specific finding of liability, expressed in percentage, in regard to each party as mandated by LSA-C.C.P. arts. 1917 and 1812. However, we find that the judgment at issue implicitly assigns 100 percent fault against defendants.[1]
The trier of fact’s allocation of fault is a factual determination that is owed some deference by the appellate court and, therefore, it should not be disturbed unless it is manifestly erroneous or clearly wrong.[2]
|4The record indicates that the accident forming the basis of this suit occurred on U.S. 61 (Airline Highway) in St. John the Baptist Parish. Morgan, who was traveling westbound, proceeded from a stoplight toward the intersection of Airline and Bert Street. Defendant Perrilloux, exited from Bert Street and crossed the westbound lanes of Airline Highway to make a left-hand turn in order to drive east on Airline. The record contains testimony from several individuals pertaining to the details of the accident.
Morgan testified the “the other vehicle pulled out of Bert Street and I tried to avoid it and I couldn’t.” She detailed that she was proceeding from LaPlace toward Reserve, after just having left Taco Bell. Morgan saw the Perrilloux vehicle and “tried to swerve from hitting him, but I couldn’t stop; it was too sudden.” She did not recall if there was a car behind her or to the left of her. Morgan explained that she was in the left lane of the two-lane road when Perrilloux pulled out approximately sixteen feet in front of her.
Jones, who was a passenger in Morgan’s car, also testified about the events leading to the accident:
MR. DEFRANCESH [PLAINITFFS’ COUNSEL]
Kerry, how did the accident happen? KERRY JONES
*411 We was [sic] going towards, we was going west in [sic] Airline Highway and a truck pulled out and we hit them at the back. We tried to swerve from hitting them, but we couldn’t avoid it.
On cross-examination, Jones clarified that he saw the Perrilloux vehicle when it was in the right-hand lane coming across into the left-hand lane. Jones did not recall if another vehicle was in front of, behind, or on the side of Morgan’s car. He also did not know how fast Morgan was driving at the time of the accident.
|sSergeant Donald Mince (“Sgt. Mince”), from the traffic division of the St. John the Baptist’s Sheriffs Office, was the investigating officer for the accident at issue. Sgt. Mince testified that he arrived on the scene approximately one minute after the accident occurred. Sgt. Mince stated that his report on the accident indicated that Perrilloux did see Morgan’s ear when he pulled out from Bert Street to make a left-hand turn east on U.S. 61. His report also indicated that Morgan said Perrilloux’s vehicle crossed in front of her and she could not stop in time. Sgt. Mince issued a citation to Perrilloux for failing to yield to a vehicle turning left, and to Morgan for not having a child restraint device. Sgt. Mince stated that neither driver had an obstruction that would have prevented them from seeing one another.
Defendant Perrilloux also testified at trial regarding the events surrounding the accident. Perrilloux stated at trial:
PERRILLOUX:
I was leaving Bert Street to head eastbound on Airline Highway, and looked to my left, and there was a traffic light down there. The traffic was stopped, and I looked to my right for traffic to clear, and after it cleared
I glanced to my left and the cars had come from the light, but I had enough time to make it to the center turn lane. When I began to cross, I saw a white car coming up in the left-hand lane. There was a blue car in the right lane. And as I got into the right lane I saw a white car coming very fast in the left lane, and I attempted to get in the center turn lane.
[[Image here]]
I was in the right-hand lane; I had already begun to cross, and I saw her coming, and I stepped on the gas to get in the turn lane as quick as possible.
Inasmuch as this appeal turns on factual determinations by the trial judge, we must review the record using the manifest error-clearly wrong standard of | (¡appellate review. That standard was recently reviewed by our supreme court in Cenac v. Public, Access Water Rights Ass’n.:[3]
In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard which precludes the setting aside of a trial court’s finding of fact unless those findings are clearly wrong in light of the record reviewed in its entirety. Rosell v. ESCO, 549 So.2d 840 (La.1989). A reviewing court may not merely decide if it would have found the facts of the case differently, the reviewing court should affirm the trial court where the trial court judgment is not clearly wrong or manifestly erroneous. Ambrose v. New Orleans Police Department Ambulance Service, 93-3099, 93-3110, 93-3112, p. 8 (La.7/5/94), 639 So.2d 216, 221.
After a review of the testimony and evidence in this case, we cannot say that *412 the trial court’s finding of fault on the part of the defendants in this case is manifestly erroneous. Accordingly we find this assignment to be without merit.
Next, we consider the issues of causation and severity of plaintiffs’ injuries as raised by both the plaintiffs and defendants.

Marsha Morgan

The record shows that Morgan did not report being injured at the scene of the accident. At trial, Morgan testified that she only began to feel pain “a few months after the accident.”
Dr. Robert Dale (“Dr. Dale”), a chiropractor, testified at trial. Dr. Dale indicated that he believed that Morgan had experienced disc damage, specifically, a protrusion at L4-L5, L5-L6, and L6-L7. Dr. Dale said his diagnosis of Morgan was that she had cervical lumbosacral sprain/strain injuries. Morgan treated with Dr. Dale beginning on October 17, 2003 using “conservative care.” On cross-examination, Dr. Dale indicated that he first treated Morgan nearly four months post-accident, and continued to treat through December 19, 2003. Dr. Dale opined that Morgan “in all likelihood [will] have degenerative problems with those discs |7over the course of her life and may ultimately result in having surgical intervention at some point due to that disc damage.” Also entered into evidence were reports by Dr. Daniel Johnson and Dr. Vaclav Hamsa (“Dr. Ham-sa”), which were relied upon by Dr. Dale in making his diagnosis. Dr. Hamsa’s deposition testimony concerning Morgan’s diagnosis was further made a part of the record as well.
Defendants entered into evidence the deposition testimony of Dr. John Lee Moss (“Dr. Moss”), an orthopedic surgeon, who conducted an independent medical examination of Morgan. Dr. Moss stated that, more likely than not, Morgan had injuries to her neck and lower back as a result of the accident of June 18, 2003. However, Dr. Moss also indicated that he did not believe that Morgan suffered any permanent partial impairment from the injury. Dr. Moss further opined that his examination revealed that Morgan’s condition was degenerative in nature and did not consist of herniations.
In its judgment, the trial court made the following findings:
Plaintiff, Marsha Morgan, is found to have suffered a soft tissue injury, resulting in multi-level disc bulging. Initially, she stated she was not injured and did not seek treatment until nearly four months post accident. Thereafter, she treated sporadically with Dr. Robert Dale, chiropractor, and Dr. Vaclav Ham-sa. Her treating physicians were of the opinion that her injury was permanent and recommended epidural injections to manage the pain. Plaintiff, Ms. Morgan, chose rather to be treated with medicine. At trial she testified that she continues to experience pain[;] however[,] she has not received treatment since July of 2005. The objective finding of multi-level bulging, coupled with Ms. Morgan’s age of nineteen at the time of the accident, supports the conclusion that her condition was caused by this accident.
As noted by the Louisiana Supreme Court in Cheairs v. State ex rel. Dep’t of Transp. and Dev.:[4]
When the district court has allowed both parties to present their experts before making its factual determinations, the factfinder’s choice of alternative permissible views cannot be considered to |sbe *413 manifestly erroneous or clearly wrong. See Fussell v. Road-runner Towing and Recovery, Inc., 99-0194 (La.App. 1 Cir. 3/31/00),765 So.2d 373, 376, citing Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 883 (La.1993).
Here, the trial judge was presented with two opposing medical opinions of Morgan’s injuries and was required to choose between them. We cannot say, on the evidence in the record, that the trial judge was clearly wrong in finding the defendants’ expert’s diagnosis more credible. We further find no merit in Morgan’s argument that an additur to Morgan’s award of damages is warranted under the facts of this case.
In reviewing the record, we further find no merit to defendants’ argument that the trial court’s finding of causation of Morgan’s injuries was erroneous.

Kerry Jones

The record shows that Jones reported to the investigating officer that he had received injuries as a result of the accident. Jones was transported to River Parish Hospital, where he was examined.[5] Jones testified at trial that, after the accident, his upper back and neck were hurting.
Charles Hargrave (“Hargrave”), who testified on behalf of the State, did claims investigations for the State for insurance purposes and was assigned to the accident at issue. Hargrave said that, in the course of the investigation, he learned that Jones had been in another automobile accident on May 13, 2003, approximately one month before the accident that forms the basis of the instant suit. Hargrave stated that he discovered that Jones complained of neck and lower back injuries in the previous accident and received $800 from State Farm Insurance to settle the claim.
|flDr. Dale testified that he first treated Jones on October 13, 2003, several months after the accident, when Jones presented complaints of cervical and upper thoracic pain, left shoulder pain, muscle spasms and stiffness, as well as lumbosacral pain, bilateral sacroiliac joint pain, and right-hip pain. Dr. Dale diagnosed Jones as having received a cervical and lumbosacral sprain/ strain injuries with muscle spasm, myalgia, cervicalgia, cervicogenic headache, post-traumatic shoulder bursa swelling, and sciatic nerve root compression. Dr. Dale said that, following the receipt of an MRI and report from Dr. Daniel Johnson, he altered Jones’ diagnosis to include damage to the discs in the cervical and lumbar spines.
Also entered into the record was the report and deposition testimony of Dr. Hamsa. Dr. Hamsa opined that Jones sustained a cervical discogenic sprain, C5-C6, with disc rupture at C4-C5.
The defendants submitted the deposition testimony of Dr. John Lee Moss (“Dr. Moss”), an orthopedic surgeon, who conducted an independent medical examination of Jones. In his deposition, Dr. Moss stated that, after examining Jones and reviewing all available medical records and films, it was his opinion that Jones had sustained a strain of soft tissue with injuries to his neck, mid back, and low back resulting from the accident of June 18, 2003. Dr. Moss also opined that Jones did not sustain any permanent partial impairment from the accident forming the basis of this suit.
*414 In regard to Jones, the trial court, in its judgment, stated:
Following the accident, plaintiff, Kerry Jones, was seen in the emergency room at River Parishes Hospital where his chief complaint was chest pains. Subsequently, about four months later, plaintiff began treatment with Dr. Robert Dale, chiropractor, and Dr. Vaclav Ham-sa. He treated sporadically over an extended period of time. This court concluded that he suffered a soft tissue injury whereby 110he experienced pain in his neck, mid back and low back, radiating down into his legs.... This court finds that plaintiffs injuries are related to the accident of June 18, 2003 and the amount awarded considers the earlier 2003 accident he was involved in wherein he received no medical treatment.
Here, once again, the trial judge was presented with two opposing medical opinions of a plaintiffs injuries and was required to choose between them. We cannot say, on the evidence in the record, that the trial judge was clearly wrong in finding the defendant’s expert’s diagnosis more credible. We further find no merit in Jones’ argument that an increase to Jones’ award of damages is warranted.
In reviewing the record, we further find no merit to defendants’ argument that the trial court finding of causation of Jones’ injuries was erroneous.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed. Each party is to bear its own cost.

AFFIRMED.

. Reaux v. City of New Orleans, 2001-1585 (La.App. 4 Cir. 3/20/02), 815 So.2d 191, writ denied, 2002-1068 (La.6/14/02), 817 So.2d 1158.

. Molina v. City of New Orleans, 2001-1411 (La.App. 4 Cir. 10/2/02), 830 So.2d 994, writ denied, 2003-0156 (La.3/28/03), 840 So.2d 573.

. 02-2660, pp. 9-10 (La.6/27/03), 851 So.2d 1006, 1023.

. 2003-0680 (La.12/3/03), 861 So.2d 536, 546.

. The report from that emergency room visit was not in the record, although relied upon by defendants on appeal.