CYNTHIA SMITH

VERSUS

CHARLES MURRET, AND
NATIONAL GENERAL INSURANCE
COMPANY

NO. 21-CA-662

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE FIRST PARISH COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 168-729, DIVISION "B"
HONORABLE PAUL A. BONIN, JUDGE PRO TEMPORE


August 03, 2022


**HANS J. LILJEBERG**
**JUDGE**


Panel composed of Judges Robert A. Chaisson,
Stephen J. Windhorst, and Hans J. Liljeberg


**<u>AFFIRMED</u>**

  **HJL**
  **RAC**
  **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Alexis Barteet*
Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
CYNTHIA SMITH
	Nancy S. Silbert
	Mark R. Wolfe
	Michael J. Begoun
	T. Daniel Pick

COUNSEL FOR DEFENDANT/APPELLEE,
CHARLES MURRET AND IMPERIAL FIRE AND CASUALTY INSURANCE
COMPANY
	Christopher P. Lawler
	Peter M. Donovan

**LILJEBERG, J.**

In this personal injury case, plaintiff appeals the trial court's judgment rendered in favor of defendants, dismissing her lawsuit with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On January 27, 2020, plaintiff, Cynthia Smith, filed this lawsuit against defendants, Charles Murret and Imperial Fire and Casualty Insurance Company ("Imperial"),[1] for damages she allegedly sustained in a motor vehicle accident that occurred on February 18, 2019, in Jefferson Parish. In her petition for damages, Ms. Smith asserted that she was driving eastbound in the far left lane of Veterans Boulevard near its intersection with Division Street and, as she was stopping for traffic ahead of her, she was struck from behind by a vehicle driven by Mr. Murret. Ms. Smith asserted that she suffered personal injuries, including lower back pain, due to the accident. On March 5, 2020, Mr. Murret and Imperial filed an Answer in which they denied any fault for the accident and asserted that Ms. Smith was solely at fault for "improperly backing" her vehicle.

Trial of this matter was held on July 7, 2021. At trial, Ms. Smith testified that on February 18, 2019, at around 12:30 p.m., she was driving in the far left lane of Veterans Boulevard in Metairie on the way to her place of employment, Macy's. She testified that it was raining and there was lots of traffic. Ms. Smith indicated that she stopped to allow a large truck to merge into her lane near a red light at the intersection of Veterans Boulevard and Division Street. She stated that she was stopped for a minute or two when she heard and felt a loud bump and noticed Mr. Murret had hit her car from behind. She stated that when she got out of her car, she told Mr. Murret that he hit her car, but he replied that she had backed into him.

---

[1] Initially, the petition for damages incorrectly named National General Insurance Company as Mr. Murret's insurer.

Ms. Smith testified that her left rear bumper was "kind of pulled" and "hanging a little bit," and the insurance adjuster estimated that there was $54 worth of damage.[2]

Ms. Smith indicated that she told the police officer that she was not injured and went to work after the accident, but she began to feel lower back pain the next day. However, her medical records indicate that she told her doctor that she immediately experienced pain after the accident. Ms. Smith was treated at Spine Care of Metairie a few days after the accident through July 26, 2019.

Charles Murret testified that the accident took place on Veterans Boulevard near the intersection with Division Street. He stated that he and Ms. Smith were both in the left lane next to the "neutral ground." Mr. Murret stated that Ms. Smith's car was behind a large tow truck and that he was directly behind Ms. Smith. According to Mr. Murret, Ms. Smith started to back up, as if she was attempting to change lanes, and he blew his horn, but she did not stop until she hit his bumper. Mr. Murret stated that Ms. Smith jumped out of her car and told him that he hit her car, but he replied, "No way, I could hit your car, if I'm stopped." Mr. Murret testified that he was not hurt in the accident, and the police officer did not issue a citation to either driver.

On July 8, 2021, the trial court rendered a judgment in favor of defendants, dismissing Ms. Smith's lawsuit with prejudice. In its reasons for judgment, the trial court found that Mr. Murret's testimony that the accident was caused when Ms. Smith backed into his truck was consistent with his prior statements to Ms. Smith, the investigating traffic officer, and his answers to interrogatories. However, the court stated that Ms. Smith's testimony about her vehicle's movement or non-movement before the accident was inconsistent with statements made in her answers to interrogatories and statements attributed to her by her

---

[2] A copy of the repair estimate of $54.60 was admitted into evidence.

healthcare providers. The trial court stated that Ms. Smith's credibility was also undermined by her inconsistent statements about the onset of her pain and its duration and intensity. The court also noted that there was no appreciable damage to Ms. Smith's car and no damage to Mr. Murret's car, and stated that it was "unconvinced that Mr. Murret's truck rear-ended Ms. Smith's car." Ms. Smith appeals the trial court's judgment.

## LAW AND DISCUSSION

On appeal, Ms. Smith argues that the trial court erred by disregarding evidence of how the accident occurred, and by failing to apply the presumption that the following motorist in a rear-end collision is liable. She argues that it is undisputed that she was driving the lead vehicle and that a "disagreement of the facts should not negate a legal presumption." Ms. Smith contends that the evidence presented at trial supports the finding that Mr. Murret was negligent and caused the accident. She states that Mr. Murret's contention that she backed up because she wanted to change lanes is simply conjecture and speculation.

Mr. Murret and Imperial respond that the trial court was not required to apply the presumption that the following motorist in a rear-end collision is liable, because a rear-end collision did not occur. They argue that Ms. Smith backed into Mr. Murret's vehicle in an effort to go around the truck that had merged in front of her. They assert that the trial court made appropriate credibility determinations when finding defendants were not liable, noting that there were inconsistencies between Ms. Smith's testimony and other documents. Specifically, they note that Ms. Smith's petition for damages and answers to interrogatories indicate that she was slowing or stopping when the accident occurred, but she testified at trial that she was stopped for a minute or two before the accident occurred. They also note that the police report indicates Ms. Smith stated that a truck "cut in front of her

vehicle from the middle lane, causing her to stop in the far left lane," but she testified that she allowed the truck to merge in front of her.

In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard which precludes the setting aside of a trial court's finding of fact unless the finding is clearly wrong in light of the record reviewed in its entirety. *Morgan v. Louisiana Dept. of Transp. and Development*, 06-615 (La. App. 5 Cir. 1/16/07), 951 So.2d 408, 411; *Rosell v. ESCO*, 549 So.2d 840 (La. 1989). A reviewing court may not merely decide if it would have found the facts of the case differently. *Hall v. Folger Coffee Co.*, 03-1734 (La. 4/14/04), 874 So.2d 90, 98. Rather, in order to reverse a trial court's factual conclusions, there must be no reasonable factual basis for the conclusion and the finding must be clearly wrong. *Hayes Fund for First United Methodist Church of Welsh, L.L.C. v. Kerr-McGee Rocky Mountain, L.L.C.*, 14-2592 (La. 12/8/15), 193 So.3d 1110, 1115-1116; *Stobart v. State, Department of Transportation and Development*, 617 So.2d 880 (La. 1993);

When the trial court's findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the fact finder's conclusions, because "only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." *Rosell*, 549 So.2d at 844; *Palmisano v. Ohler*, 16-160 (La. App. 5 Cir. 12/7/16), 204 So.3d 1134, 1137-38. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even if the appellate court may feel that its own evaluations and inferences are as reasonable. *Desselle v. Jefferson Hosp. Dist. No. 2*, 04-455 (La. App. 5 Cir. 10/12/04), 887 So.2d 524, 528.

At trial, the parties agreed that Ms. Smith was in the eastbound left lane of Veterans Boulevard behind a truck that had merged into her lane and Mr. Murret was traveling directly behind Ms. Smith. Ms. Smith testified that she had stopped to allow the truck to merge into her lane and was stopped for a minute or two when she heard and felt a loud bump and noticed Mr. Murret's vehicle had hit her car from behind. Conversely, Mr. Murret testified that Ms. Smith started to back up, as if she was attempting to change lanes, and he blew his horn, but she did not stop until she hit his vehicle. No other witnesses were called to testify as to how the accident occurred.

Where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous. *Henderson v. Nissan Motor Corporation*, 03-606 (La. 2/6/04), 869 So.2d 62, 69. If a trier of fact's findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even if convinced that if it had been sitting as trier of fact, it would have weighed the evidence differently. *Kraemer v. Joseph*, 04-270 (La. App. 5 Cir. 9/28/04), 885 So.2d 22; *Stobart, supra.*

In the present case, the trial court was presented with two conflicting versions of how the accident occurred and had to make credibility determinations to determine whether Mr. Murret was at fault. After considering the testimony and evidence, the trial court rejected Ms. Smith's testimony regarding how the accident occurred, indicating that it did not believe Mr. Murret's truck rear-ended Ms. Smith's car. Based on the conflicting testimony, the trial court's decision to find that Mr. Murret's truck did not rear-end Ms. Smith's car was reasonable and thus, it was not manifestly erroneous.

Ms. Smith argues that the trial court erred by failing to apply the presumption that a following motorist is at fault for a rear-end collision. Mr.

Murret and Imperial respond that the following motorist presumption does not apply in this case.

La. R.S. 32:81(A) provides:

> The driver of a motor vehicle shall not follow another vehicle more closely than is reasonably prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.

The law has established a rebuttable presumption that a following motorist who strikes a preceding motorist from the rear has breached the standard of conduct set forth in La. R.S. 32:81 and is therefore liable for the accident. *Daigle v. Mumphrey*, 96-1891 (La. App. 4 Cir. 3/12/97), 691 So.2d 260, 262; *McGowan v. Loupe*, 08-810 (La. App. 5 Cir. 3/24/09), 11 So.3d 24, 26. This presumption is based on the idea that a following motorist whose vehicle rear-ends a preceding vehicle either has failed to maintain a sharp lookout or has followed at a distance from the preceding vehicle which is insufficient to allow him to stop safely under normal circumstances. *Antill v. State Farm Mutual Insurance Co.*, 20-131 (La. App. 5 Cir. 12/2/20), 308 So.3d 388, 403; *Daigle*, 691 So.2d at 262.

In order for the presumption to apply, the following motorist must strike the preceding motorist's vehicle. In this case, Mr. Murret testified that he did not strike the back of Ms. Smith's vehicle, but rather Ms. Smith backed into his vehicle. The trial court stated that it was unconvinced that Mr. Murret's truck struck the rear of Ms. Smith's vehicle. Because the trial court did not find that Mr. Murret's truck struck the rear of Ms. Smith's vehicle, the following motorist presumption does not apply in this case.

In a negligence action, the plaintiff bears the burden of proving fault, causation, and damages. *Wainwright v. Fontenot*, 00-492 (La. 10/17/00), 774 So.2d 70, 74. In this case, the trial court found that Ms. Smith did not meet her burden of proving that Mr. Murret was at fault for the accident. We find no

manifest error in the trial court's finding. Accordingly, the trial court's decision to dismiss Ms. Smith's lawsuit against Mr. Murret and Imperial must be affirmed.

**<u>DECREE</u>**

For the foregoing reasons, we affirm the trial court's July 8, 2021 judgment in favor of defendants, dismissing Ms. Smith's lawsuit with prejudice.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**AUGUST 3, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-662

**E-NOTIFIED**
FIRST PARISH COURT (CLERK)
HONORABLE JOHN J. LEE, JR. (DISTRICT JUDGE)
MARK R. WOLFE (APPELLANT)          T. DANIEL PICK (APPELLANT)          CHRISTOPHER P. LAWLER (APPELLEE)

**MAILED**
HONORABLE PAUL A. BONIN          MICHAEL J. BEGOUN (APPELLANT)          PETER M. DONOVAN (APPELLEE)
(DISTRICT JUDGE)                 NANCY S. SILBERT (APPELLANT)           ATTORNEY AT LAW
FIRST PARISH COURT               ATTORNEYS AT LAW                       4640 RYE STREET
924 DAVID DRIVE                  2200 TULANE AVENUE                     SUITE 100
METAIRIE, LA 70003               SUITE 200                              METAIRIE, LA 70006
                                 NEW ORLEANS, LA 70119