836 So.2d 293 (2002)
Diane and Owen OTILLIO, Individually and on Behalf of the Estate of their Minor Son, Shawn Otillio
v.
ENTERGY LOUISIANA, INC. and Matthew Flot.
No. 02-CA-718.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 2002.
*294 Melvin Ripp, Jr., Gretna, LA, for plaintiffs-appellees.
Kenneth P. Carter, Endya E. Delpit, Sandra Diggs-Miller, New Orleans, LA, for defendant-appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS and CLARENCE E. McMANUS.

STATEMENT OF THE CASE
CLARENCE E. McMANUS, Judge.
On August 1, 2000, Shawn Otillio, a five year old minor was riding an adult bicycle, unsupervised, northbound on the sidewalk parallel to West Friendship Street. He attempted to cross Stall Drive and was struck by an Entergy truck being driven by Matthew Flot, who was in the course and scope of his employment with Entergy. Flot was attempting to make a left turn onto Stall Street from West Friendship. The child was riding his bicycle with his 9-year old brother and 12-year old cousin. They had ridden five blocks away from his aunt's house to a park. It began to rain, so the children headed back to the aunt's house. Shawn was riding in front of the other children and was about one to two bicycle lengths in front of the others. According to Shawn, he stopped when he reached Stall Drive and saw the Entergy truck, but the truck did not indicate an intention to turn left. He proceeded across the street and was struck by the truck. The two other children testified that Shawn was beyond the middle of the street or almost to the other side when he was hit.
*295 Flot testified at trial that he did not see the children until immediately prior to the accident, after his vehicle was almost completely turned onto Stall Drive. He further testified that he was driving at a slow rate of speed and was not distracted. Darryl Woullard, Jr. was a passenger in the Entergy truck. He testified that he did not see the children until the truck was in the left hand turn and he yelled at Flot. No citations were issued and the sheriff's deputy who prepared the report testified at trial that the accident was "unavoidable". Shawn was taken to the emergency room at West Jefferson Medical Center on the day of the accident. He required five stitches to close a laceration over his left eye and he suffered contusions and abrasions on his knees and right arm. He was treated with Neosporin and ice packs. X-rays revealed no broken bones or joint abnormalities. Shawn was not wearing protective gear at the time of the accident.
On August 4, 2000, his pediatrician, Dr. Carlos Trujillo, treated Shawn for the accident and prescribed ointment and antibiotics for his injuries. On August 8, 2000, Dr. Trujillo removed the stitches. Shawn was then treated by another pediatrician, Dr. Constanza Fox, on October 27, 2000. Dr. Fox referred Shawn to an orthopedist in November 2000. Shawn was treated by the orthopedist, Dr. Fred Warren, from November 2000 through March 2001. X-rays and an MRI were performed and were normal. As of March 15, 2001, Shawn had no complaints and a normal exam, so Dr. Warren released him to full activities.
Shawn's parents, Diane and Owen Otillio, individually and on behalf of their son, filed a petition for damages against Entergy Louisiana, Inc. and Matthew Flot in Second Parish Court for the Parish of Jefferson. Trial was held on March 1, 2002 and a judgment with reasons was rendered on March 26, 2002. The trial court found Flot to be at fault in the cause of the accident. The trial court further found that no comparative fault may be imputed to the child because he was only 6 years old and not legally liable for his acts. The trial court awarded the Otillio's $8,750.00 in general damages and $2,617.76 in medical expenses plus legal interest and all costs.
Entergy now appeals that judgment and alleges two assignments of error. First, Entergy argues that the trial court was manifestly erroneous or clearly wrong in failing to assign any degree of fault to the parents of the child. Second, Entergy contends that the trial court was manifestly erroneous or clearly wrong in the quantum damages awarded to plaintiffs.

DISCUSSION

Comparative Fault
Louisiana Civil Code Article 2323 provides that in an action for damages where a person suffers an injury, the degree or percentage of fault of all persons causing or contributing to the injury shall be determined. The amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury. La. C.C.art. 2323. Comparative fault must be pleaded as an affirmative defense and the party asserting the defense bears the burden of proving, by a preponderance of the evidence, that the negligence of the other party was a cause in fact of the accident. Trahan v. Savage Industries, Inc., 96-1239 (La.App. 3 Cir. 3/5/97) 692 So.2d 490.
In its answer to plaintiff's petition, Entergy pleads the affirmative defense that the accident was the sole fault of plaintiffs. Shawn's parents, Diane and Owen, are listed as plaintiffs, individually *296 and on behalf of Shawn. The trial court addressed the issue of comparative fault of the minor, Shawn, in its judgment, but failed to address the comparative fault of the parents. We agree with the trial court that Shawn is not at fault in the cause of the accident. A six year old child is not considered to be capable of fault. Jones v. Hawkins, 29-914 (La.App. 2 Cir. 1/21/98) 708 So.2d 749, 756.
The parents are required to use reasonable precautions in supervising their child. Jones at 756, 757. The failure to take the precautions expected of a reasonably prudent person in a similar situation subjects the parent to comparative fault. Id.
We find that Shawn's parents did take reasonable precautions in supervising Shawn. He had been taught to ride a bike and had, in fact, ridden the bike involved before the day of the accident. Shawn also testified that he knew how to operate the brakes on the bike. In addition, Shawn's father testified that Shawn was only allowed to cross the street on the bike, but was not allowed to ride in the street. At the time of the accident, Shawn was crossing the street, but had previously been riding on the sidewalk. On the day of the accident, Mrs. Otillio's sister, Coaudine Townsend, was responsible for Shawn. Ms. Townsend allowed Shawn to ride the bike with the other children. There was no testimony presented that either of Shawn's parents behaved unreasonably by allowing Shawn to ride the bike in the manner in which he did.
Based on the testimony presented at trial, we do not find that Shawn's parents failed to take the precautions expected of a reasonably prudent person in a similar situation. Therefore, we find they are not subject to comparative fault for this accident.

Quantum
The role of the appellate court in reviewing general damages is not to decide what it considers to be appropriate award, but rather to review exercise of discretion by trier of fact, and adequacy of award should be determined by facts or circumstances particular to case under consideration. Youn v. Maritime Overseas Corp., 92-3017 (La.1993) 623 So.2d 1257. An appellate court should rarely disturb award of general damages since discretion vested in trier of fact is "great"; standard for review is nonspecific, and only when award is, in either direction, beyond that which a reasonable trier of fact could assess for effects of particular injury to particular plaintiff under particular circumstances should appellate court increase or reduce award. Id.
We find the trial court did not abuse its discretion in awarding $8,750.00 in general damages to plaintiffs. Shawn was treated by physicians for the injuries he suffered as a result of the accident for 7½ months. Although the x-rays and the MRI were normal, no physician has disputed the fact that Shawn did in fact suffer injuries for which he was treated. The trial court's award breaks down to approximately $1,166.00 per month. This amount is not beyond that which a reasonable trier of fact could assess. Therefore, we affirm the trial court's award of general damages.
We do find the trial court erred in awarding plaintiff's medical expenses of $2,617.76. A review of the plaintiff's medical records reveals that three visits to the pediatrician, one visit to Dr. Trujillo and two visits to Dr. Fox, were completely unrelated to the accident and one other visit was only partially related. In his deposition, Dr. Trujillo confirms that the last visit with Shawn, on September 25, 2000, was unrelated to the accident, and was for the treatment of asthmatic bronchitis. *297 The first visit with Dr. Fox, on October 27, 2000, was partially for treatment of leg pain, but also for a cough and Shawn was given an inhalation treatment, immunizations and a flu shot. On November 9, 2000, he saw Dr. Fox for "pink eye" and on December 29, 2000 he was treated for vomiting, diarrhea, and pin worm.
We find the plaintiffs are entitled to the expenses for the October 27, 2000 visit with Dr. Fox, but not the expenses related to the inhalation treatment and the immunizations. In addition, the plaintiff is not entitled to the expenses for the other unrelated visits of September 25, November 9, and December 29, 2000. Therefore, we amend the trial court's award of medical expenses to $2,395.25.
Accordingly, we affirm the trial court's findings of liability, comparative fault and the award of general damages. We amend the trial court's award of medical expenses. As amended, we affirm the trial court's judgment.
JUDGMENT AMENDED, AS AMENDED, AFFIRMED.