HANS J. LILJEBERG, Judge.
|2In this personal injury case, the trial court rendered a judgment in accordance with the jury’s verdict, dismissing plaintiffs case with prejudice. Plaintiff filed a motion for judgment notwithstanding the verdict (“JNOV”) or, alternatively, for a new trial, which was denied by the trial court. Plaintiff appeals the denial of this motion. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

This case arises from a motor vehicle accident that occurred on November 26, 2010. Plaintiff, Andre Stevenson, contends that he was stopped in a gas station parking lot, waiting to drive onto Veterans Memorial Boulevard in the eastbound direction, when a Chrysler PT Cruiser driven by defendant, Sandra Serth, ran a red light and struck a Nissan Maxima, causing the Maxima to strike plaintiffs vehicle. Mr. Stevenson claims that he suffered neck and back injuries as a result of the collision.
On November 3, 2011, Mr. Stevenson filed this lawsuit against Ms. Serth and her insurer, Travelers Casualty Insurance Company of America (“Travelers”), asserting that Ms. Serth’s negligence caused the accident and that she and | ¡¡Travelers are liable for the damages he sustained. A jury trial was held on February 12, 2014.
At trial, Mr. Stevenson testified that his neck and back were injured in the accident and that he went to Louisiana Primary Care for medical treatment three days after the accident and continued to receive treatment there through July 7, 2011. Mr. Stevenson stated that his neck and back did not improve with the treatment he received, so he was referred to have MRIs of his neck and back. Dr. Glorioso, the radiologist who reviewed plaintiffs cervical MRI performed on May 24, 2011, indicated in his report that Mr. Stevenson has two bulging discs, one at C3-C4 and one at C6-C7. The radiologist who reviewed plaintiffs lumbar MRI, Dr. Shore, indicated in his report dated November 11, 2011, that “[findings are consistent with small annular tear in the posterior aspect of the L3-4 disc.”
Mr. Stevenson started treating with Dr. David Wyatt, an orthopedist, on August 16, 2012, for his neck and back pain. Mr. Stevenson stated that Dr. Wyatt gave him epidural steroid injections twice in his back and once in his neck. According to Mr. Stevenson, he did not have any pain before the accident, but he has had neck and back pain since the accident, though the pain differs from day to day.
On cross-examination, Mr. Stevenson admitted that his treatment at Louisiana Primary Care only consisted of hot or cold compresses on his neck, electro-stimulation or vibration to his neck and back, and use of an exercise bicycle. He was also provided with a back brace. Mr. Stevenson acknowledged that after he saw Dr. Wyatt in May of 2013, he did not return to see him again until October of 2013, though Dr. Wyatt’s records indicate he asked him to return in a month. He admitted that Dr. Wyatt wanted him to have a disco-gram, but he has |4not had one performed. *614 He denied that he told Dr. Wyatt that he did not want a discogram.
At the conclusion of Mr. Stevenson’s testimony, plaintiff did not call any further witnesses, but his medical records and two depositions of Dr. Wyatt were admitted into evidence.
The defense called Dr. Bradley Bartholomew, an expert in neurosurgery, to the stand. Dr. Bartholomew reviewed Mr. Stevenson’s cervical and lumbar MRIs and the reports of the radiologists who reviewed them. Dr. Bartholomew noted that while Dr. Glorioso’s report of the cervical MRI indicates that there are some abnormalities in Mr. Stevenson’s neck, there is no statement or indication of the significance of these abnormalities. Dr. Bartholomew agreed with Dr. Glorioso’s finding that the cervical MRI shows two bulges in Mr. Stevenson’s neck. However, Dr. Bartholomew did not believe that these disc bulges have any significance. Rather, he found that they are degenerative and more than likely occurred over time rather than in one traumatic incident. Based on his interpretation of the cervical MRI, Dr. Bartholomew testified that there is no neurological explanation for Mr. Stevenson’s complaints of neck pain.
With regard to the lumbar MRI, Dr. Shores found that Mr. Stevenson has a small annular tear in the posterior aspect of the L3-4 disc. However, Dr. Bartholomew testified that, based on his interpretation of the lumbar MRI, he could not confirm that a tear was present. He stated that even if a,small annular tear was present, it would not necessarily be causing any pain. He stated that a discogram is needed to confirm that a tear is causing pain. He further stated that the smaller a tear is, the more likely it is to heal.
After brief deliberations, the jury returned with a verdict in favor of defendant. The jury found that Ms. Serth was negligent with regard to this | ^accident, but that Ms. Serth’s conduct did not cause injury to Mr. Stevenson. On March 6, 2014, the trial judge signed a judgment in accordance with the jury’s verdict, dismissing Mr. Stevenson’s case with prejudice.
On March 14, 2014, Mr. Stevenson filed a “Motion and Order for Judgment Notwithstanding the Verdict or Alternatively for a New Trial,” arguing that the jury’s verdict is clearly contrary to the law and evidence presented. After a hearing on April 21, 2014, the trial judge denied Mr. Stevenson’s motion. Mr. Stevenson appeals the trial court’s judgment, asserting that the jury erred in finding that he did not suffer any injuries as a result of the accident. Travelers answered the appeal, arguing that the jury erred in finding that Ms. Serth was negligent.

LAW AND DISCUSSION

On appeal, Mr. Stevenson argues that the trial court abused its discretion in denying his motion for JNOV or alternatively for a new trial, because the evidence at trial supported his claims that he suffered personal injuries as a result of the accident. He asserts that the jury erred in failing to apply the presumption of causation, known as the Housley[1] presumption, that “a medical condition producing disability is presumed to have resulted from the accident if the injured person was in good health prior to the accident, but shortly after the accident, the disabling condition manifested itself.” See Babin v. State Farm Mut. Auto. Ins. Co., 12-447, p. 13 (La.App. 5 Cir. 3/13/13), 113 So.3d 251, 259, writ denied, 13-0804 (La.5/24/13), 117 So.3d 103 and 13-0808 (La.5/24/13), 117 So.3d 104.
*615 Mr. Stevenson contends that he submitted sufficient evidence to trigger the Housley presumption of causation, because he testified, without contradiction, that he suffered no back or neck pain before the accident, but he has been suffering substantial and disabling neck and back pain since the accident. He further argues |flthat he presented evidence of a reasonable possibility of a causal connection between the accident and the disabling condition in that the medical records show that he was diagnosed with two bulging discs in his neck and an annular tear in his back, and he began to suffer pain in these areas after the accident. Mr. Stevenson claims that Travelers did not rebut the presumption that the accident caused his injuries because Dr. Bartholomew did not testify that any other incident could have caused his injuries.
Travelers responds that Mr. Stevenson is not entitled to the Housley presumption, because he did not prove that he has a disabling condition that manifested itself after the accident. It argues that while Mr. Stevenson has complained of neck and back pain since the accident, there is little evidence to substantiate his complaints. Travelers notes that Mr. Stevenson lacked objective evidence of any injury to his neck or back, did not receive treatment for several months at a time, and that he failed to offer any witnesses at trial to corroborate his subjective complaints of pain.
A motion for a judgment notwithstanding the verdict (JNOV) should be granted only when the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable persons could not reach different conclusions. Anderson v. New Orleans Public Service, Inc., 583 So.2d 829, 882 (La.1991). In ruling on a motion or JNOV, the trial court should not evaluate the credibility of the witnesses and all reasonable inferences or factual questions should be resolved in favor of the non-moving party; this standard is based on the principle that when there is a jury, the jury is the trier of fact. Babin, 12-447 at 11, 113 So.3d at 258; In re Gramercy Plant Explosion at Kaiser, 04-1151, p. 11 (La.App. 5 Cir. 3/28/06), 927 So.2d 492, 499, writ denied, 06-1003 (La.6/14/06), 982 So.2d 763 and 08-0481 (La.5/2/08), 983 So.2d 1263. In reviewing the trial court’s ruling on |7a motion for JNOV, the appellate court must determine if the trial court erred in its ruling by using the same criteria used by the trial court to decide whether to grant the motion. Trunk v. Medical Center of Louisiana at New Orleans, 04-0181, p. 5 (La.10/19/04), 885 So.2d 534, 537.
A jury’s verdict should not be set aside on a motion for new trial if it is supportable by any fair interpretation of the evidence. Davis v. Wal-Mart Stores, Inc., 00-0445, p. 10 (La.11/28/00), 774 So.2d 84, 93. An appellate court reviews a ruling on a motion for new trial under the abuse of discretion standard. Martin v. Heritage Manor South, 00-1023, p. 3 (La.4/3/01), 784 So.2d 627, 630; Horton v. Mayeaux, 05-1704 (La.5/30/06), 931 So.2d 338, 343.
In a suit for personal injuries, the plaintiff bears the burden of proving a causal connection between the accident and the complained-of injuries. Stoll v. Allstate Ins. Co., 11-1006, p. 11 (La.5/8/12), 95 So.3d 1089, 1095. The test for determining the causal relationship between the accident and subsequent injuries is whether the plaintiff proved, through medical testimony, that it was more probable than not that the subsequent injuries were caused by the accident. Mart v. Hill, 505 So.2d 1120, 1127-1128 (La.1987); Maynor v. Vosburg, 25,922, p. 8 (La.App. 2 Cir. 11/28/94), 648 So.2d 411, 417-418, writ denied, 95-0409 (La.4/28/95), 653 So.2d 590.
*616 The trier of fact is not bound to accept a plaintiffs perception, or any other witness’ perception, of the nature and extent of his injuries. Ladner v. Gov’t Employees’ Insurance Co., 08-0323, p. 5 (La.App. 4 Cir. 10/8/08), 992 So.2d 1098, 1102, writ denied, 08-2864 (La.2/6/09), 999 So.2d 783. Further, the trier of fact can choose to reject all of the testimony of any witness or may believe and accept any part of a witness’ testimony and reject any other part. Id. at 4-5, 992 So.2d at 1101. When findings are based on credibility determinations, the manifest |serror/cIearly wrong standard demands great deference to the trier of fact’s findings, for only the factfin-der can be aware of the variations in demeanor and tone that bear so heavily on the listener’s belief in what is said. Menard v. Lafayette Ins. Co., 09-1869, p. 15 (La.3/16/10), 31 So.3d 996, 1008, citing Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
In the present case, at trial, Mr. Stevenson testified that he did not have any pain before the accident, but he has had substantial neck and back pain since the accident. In support of his position, Mr. Stevenson submitted his medical records which contain a doctor’s report indicating that he has two bulging discs in his neck and another doctor’s report indicating that he has a small annular tear in his back. Two depositions of Dr. Wyatt were also admitted into evidence. However, the record does not show that these depositions were read to the jury, and depositions are not permitted to be taken into the jury room for review. See La. C.C.P. art. 1794(B). Thus, other than references to Dr. Wyatt’s depositions during questioning of the witnesses at trial, the testimony in these depositions was not presented to the jury for consideration.
The defense called Dr. Bradley Bartholomew, a neurosurgeon, in support of its position that plaintiff did not suffer injuries as a result of the accident. Dr. Bartholomew testified that he believed the disc bulges shown in plaintiffs cervical MRI were degenerative and insignificant. He further stated that based on his review of the cervical MRI, there is no neurological explanation for plaintiffs complaints of neck pain. With regard to the lumbar MRI, Dr. Bartholomew testified that he could not confirm that a small annular tear was present and, even if it was, it would not necessarily cause pain. He stated that a diseogram was needed to confirm that a tear is causing pain, but plaintiff admitted that he did not have a diseogram performed.
| ¡¡Based on the testimony and evidence presented, reasonable persons could reach different conclusions as to whether the accident caused Mr. Stevenson to suffer any injuries. The jury could have chosen to believe Dr. Bartholomew’s testimony and concluded that Mr. Stevenson’s complaints of pain were subjective and that his testimony was not credible. The record does not show that the facts and inferences point so strongly or overwhelmingly in favor of plaintiff that reasonable persons could not have rendered a verdict in favor of defendant.
Although plaintiff claims that he is entitled to the benefit of the Housley presumption, we find that the jury had a reasonable basis to decline to apply this presumption. The issue of whether a plaintiff is entitled to the benefit of this presumption is factual and subject to the manifest error standard of review. Cooper v. United Southern Assur. Co., 97-0250, p. 23 (La.App. 1 Cir. 9/9/98), 718 So.2d 1029, 1041. In order for the Housley presumption to apply, the plaintiff must have a disabling medical condition that manifested itself after the accident. The jury in this case could have concluded that Mr. Stevenson did not sustain personal injuries *617 or suffer from a disabling condition after the accident and, based on the evidence, such a finding is not manifestly erroneous.
As stated above, reasonable persons could reach different conclusions as to whether plaintiff suffered injuries in this accident. Accordingly, we find no error or abuse of discretion in the trial court’s denial of plaintiffs motion for JNOY or, alternatively, for a new trial. Accordingly, we affirm the trial court’s judgment denying plaintiffs motion, upholding the jury’s verdict, and dismissing plaintiffs case with prejudice.[2]
11 (/Travelers answered the appeal, asserting that the jury erred in finding that Ms. Serth was negligent with regard to the accident, and that there can be no judgment against Travelers or Ms. Serth, because the insurance policy was not introduced at trial and Ms. Serth was never served. However, while Travelers’ claims may have some merit, it is unnecessary to address them due to our decision to affirm the trial court’s judgment dismissing plaintiffs case.

DECREE

For the foregoing reasons, we affirm the trial court’s judgment denying plaintiffs motion for JNQV or, alternatively, for a new trial.

AFFIRMED

. Housley v. Cerise, 579 So.2d 973 (La.1991).

. On appeal, plaintiff further asserts that the trial court abused its discretion in denying plaintiff's motion for JNOV or, alternatively, for a new trial on the basis that plaintiff did not introduce the Travelers insurance policy into evidence and did not even refer to Travelers at trial. However, our review of the record reveals that the trial court did not indicate that the motion was denied due to plaintiff's failure to introduce the insurance policy.