Felix PALMISANO

v.

**Walter J. OHLER, III, Walter J. Ohler, Jr. and GEICO General Insurance Company**

NO. 16–CA–160

Court of Appeal of Louisiana, Fifth Circuit.

December 07, 2016

COUNSEL FOR PLAINTIFF/APPEL-LANT, FELIX PALMISANO, Miguel A. Elias, Paula J. Ferreira, Jahida L. Lewis

COUNSEL FOR DEFENDANT/AP-PELLEE, GEICO GENERAL INSUR-ANCE COMPANY, Marta-Ann Schnabel, Sherry A. Watters

Panel composed of Susan M. Chehardy, Marc E. Johnson, and Robert M. Murphy

CHEHARDY, C.J.

On appeal, plaintiff challenges the trial court's finding that he failed to meet his burden of proof in this personal injury action. For the following reasons, we affirm the trial court's ruling.

**Facts and Procedural History**

On September 24, 2012, Felix Palmisano, who was riding a bicycle, was hit by a truck driven by Walter J. Ohler, III, and owned by Walter Ohler, Jr., at the intersection of Causeway Boulevard and Jefferson Highway in Jefferson Parish. As a result of the incident, Mr. Palmisano suffered injuries to his neck, his back, and his right leg.

On September 20, 2013, plaintiff filed a petition for damages against Walter Ohler, Jr., Walter Ohler, III (hereinafter "defendant"), and GEICO General Insurance Company (hereinafter "GEICO") for the injuries he received as a result of the accident. On November 3, 2015, the bench trial commenced with testimony from plaintiff and defendant.

At trial, plaintiff testified that, at 9:45 p.m. on September 24, 2012, he was riding a bicycle on the sidewalk next to the southern lanes of Jefferson Highway. The southern, or river side, lanes of Jefferson Highway travel eastbound into Orleans Parish. Plaintiff admitted that he was traveling west on the sidewalk, which is against the flow of traffic in the southern three lanes of Jefferson Highway.

Plaintiff further stated that the bicycle that he was riding had reflectors on the front handlebars, rear seat, and wheels of the bicycle. He admitted that there was no headlamp on this bicycle.

Plaintiff testified that, as he approached the crossing where Causeway Boulevard runs south across Jefferson Highway, he saw a vehicle moving through the north end of the crossing. Plaintiff, however, did not stop but headed across Causeway Boulevard. Plaintiff stated that he thought he could make it across one lane before the vehicle made it across seven lanes. Plaintiff remembered hearing a car horn from one of the vehicles waiting at the red light then feeling the impact from the truck.

Defendant stated that he was traveling south on Causeway Boulevard towards River Road. When he was approaching the stop light at Jefferson Highway, it was initially red but changed as he approached. Because he had the green light and traffic was very light, defendant proceeded into the intersection. At trial, defendant stated that he did not see any obstacles until he caught the glare from the reflector on the wheel of plaintiff's bicycle in his headlights. Defendant immediately slammed on his brakes but still impacted the bicyclist, who rolled onto the hood of defendant's truck.

After hearing the testimony and evidence, the trial judge found in favor of the defendants and dismissed plaintiff's petition with prejudice. In his findings of fact, the trial judge stated:

The only two witnesses to testify at the trial of this matter were the parties involved in the accident. Each party gave conflicting and irreconcilable accounts of how the accident occurred, and there were no independent or disinterested witnesses brought before the Court to testify regarding this matter.

After listening to the testimony presented and carefully considering the demeanor of the witnesses on the stand, the Court has no reason to suspect the credibility of either party. Additionally, there was an absence of physical evidence introduced by either party to substantiate their account of the collision. Based upon the foregoing, the Court finds that the Plaintiff has failed to prove by a preponderance of the evidence that the defendant was at fault for this incident.

Thus, the Court finds that Felix Palmisano has failed to meet his burden of proof, and the Petition for Damages is dismissed with prejudice....

Plaintiff is appealing that judgment.

### Law and Argument

On appeal, plaintiff raises four assignments of error: first, the "trial court erred in failing to apportion any percentage of fault between the plaintiff and defendant pursuant to La. C.C.P. Art. 1917(B) and La. C.C. Art. 2323 since such comparative fault is factual in nature;" second, the "trial court erred in failing to find that the defendant, Walter Ohler, III, was at fault or at least comparatively negligent for the sued upon accident;" third, the "trial court erred in finding that the plaintiff, Felix Palmisano, failed to meet his burden of proof by a preponderance of the evidence that the defendant, Walter Ohler, III, was at fault or at least partially at fault for the sued upon accident;" and fourth, the "trial court erred in failing to consider and apply the law regarding the defendant's duty to see what he should have seen, and to use caution in proceeding when the plaintiff had preempted the intersection." Defendant notes that the trial court found that the plaintiff failed to bear his burden of proof and, thus, the trial judge did not reach apportionment of fault.

Tort liability in Louisiana is governed by La. C.C. art. 2315, which states that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." In a negligence action under Article 2315, the plaintiff bears the burden of proving fault, causation and damages. *Wainwright v. Fontenot*, 00–0492 (La. 10/17/00), 774 So.2d 70, 74; *Beausejour v. Percy*, 08–379 (La. App. 5 Cir. 10/14/08), 996 So.2d 625, 628. Causation is a factual finding, which should not be reversed on appeal absent manifest error. *Detraz v. Lee*, 05–1263 (La. 1/17/07), 950 So.2d 557, 561–62; *Housley v. Cerise*, 579 So.2d 973, 979 (La. 1991); *Smith v. State through Dept. of H.H.R.*, 523 So.2d 815 (La. 1988).

#### Manifest Error Review

In all civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard, which precludes the setting aside of a trial court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. *Hayes Fund for the First United Methodist Church of Welsh, LLC v. Kerr–McGee Rocky Mt., LLC*, 14–2592 (La. 12/8/15), 193 So.3d 1110, 1115–17. Thus, a reviewing court may not merely decide if it would have found the facts of the case differently. *Hall v. Folger Coffee Co.*, 03–1734 (La. 4/14/04), 874 So.2d 90, 98; *Stobart v. State through Dept. of Transp. and Development*, 617 So.2d 880, 882 (La. 1993).

The issue to be resolved on review is not whether the judge was right or wrong, but whether the judge's fact-finding conclusion was a reasonable one. *Rosell v. ESCO*, 549 So.2d 840, 844 (La. 1989); *Canter v. Koehring Co.*, 283 So.2d 716, 724 (La. 1973).

When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong

standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.

*Rosell*, 549 So.2d at 844–45 (citations omitted).

In *Menard v. Lafayette Ins. Co.*, 09–1869 (La. 3/16/10), 31 So.3d 996, 1011, the supreme court reiterated that, "[I]t should be a rare day finding a manifest error breach when two opposing views are presented to the trier of fact."

Our inquiry is whether the trial court was manifestly erroneous in finding that Mr. Palmisano failed to prove that Mr. Ohler was "at fault for this incident."

A motorist approaching an intersection controlled by semaphore signals, who is favored by a green light, is entitled to assume that traffic approaching the intersection from either side on a red light will comply with the red light and respect his right-of-way. *Carter v. New Orleans Public Service, Inc.*, 305 So.2d 481 (La. 1974); *Bourgeois v. Francois*, 245 La. 875, 161 So.2d 750 (La. 1964). The favored motorist is not obligated to look to his left or right before entering the intersection, and will be held accountable only if he could have avoided the accident with the exercise of the slightest degree of care and fails to do so.

*Bourgeois, supra.*

Furthermore, a motorist who enters an intersection under a green light does not have a duty to observe traffic not yet in the intersection; however, the motorist does have a duty to allow traffic already in the intersection at the time of the light change to complete its crossing. *Dale v. Carroll*, 509 So.2d 770 (La. App. 2nd Cir. 1987). A motorist who enters an intersection without waiting for the traffic already in the intersection to clear the intersection is negligent. *Bordelon v. Aetna Cas. & Sur. Co.*, 494 So.2d 1283 (La. App. 2nd Cir. 1986).

At trial, the judge heard that Mr. Ohler was traveling south on Causeway Boulevard and entered the intersection at Jefferson Highway as the favored motorist after the light turned to green.

Further, the trial judge heard that Mr. Palmisano was riding the bicycle on the sidewalk[1] adjacent to Jefferson Highway, which is in contravention of the parish ordinance.[2] Mr. Palmisano was also riding at night without the required lights on the bicycle.[3]

More importantly, Mr. Palmisano was operating his vehicle in a westerly direction against the flow of eastbound traf-

---

1. "Sidewalk" means that portion of a highway between the curb lines, or the lateral lines of a highway, and the adjacent property lines, intended for the use of pedestrians. La. R.S. 32:1(66).

2. "No person shall ride a bicycle upon a sidewalk within a business district." J.P.M.C. Section 36–253.

3. Under Louisiana law, a "bicycle ... shall be a vehicle." La. R.S. 32:1(92) "Every person riding a bicycle upon a highway of this state

fic, which is against the law.[4] Further, Mr. Palmisano did not adhere to the traffic signal in place on Jefferson Highway. "Whenever traffic is controlled by traffic-control signals exhibiting different colored lights, ..., only the colors green, red, and yellow shall be used, ... and *said lights shall indicate and apply to drivers of vehicles* and pedestrians...." La. R.S. 32:232. (Emphasis added). In essence, Mr. Palmisano ran the red light in front of Mr. Ohler's vehicle.

Upon reviewing the record, we find that Mr. Palmisano's conduct resulted from negligent actions, which created a higher level of risk. The testimony reveals that, while Mr. Ohler was the favored motorist, Mr. Palmisano entered the intersection against the red light and against the traffic flow. Mr. Palmisano observed Mr. Ohler, the favored motorist, entering the intersection but Mr. Palmisano mistakenly believed that, on his bicycle, he could beat the favored motorist across the intersection. It is clear from the facts that Mr. Palmisano made a decision without the benefit of proper thought. Accordingly, we find no error in the trial court's findings against Mr. Palmisano and in favor of Mr. Ohler. The trial court's ruling is affirmed.

**AFFIRMED.**

shall be granted all of the rights and shall be subject to all the duties applicable to the driver of a vehicle by ..." the Highway Regulatory Act. La. R.S. 32:194. Moreover, both state and parish law requires that a bicycle being operated at night have a "lamp mounted on the front that shall emit a white light visible from a distance of at least five hundred feet to the front ... [and] a lamp mounted on the rear that shall emit either a flashing or steady red light visible from a distance of five hundred feet to the rear" and a "red reflector mounted on the rear and a reflector on each side facing outward at a right angle to the bicycle frame that shall be visible from all distances from one hundred feet to six hundred feet to the rear when directly in front of lawful lower beams of head lamps on a motor vehicle." La. R.S. 32:329.1; J.P.M.C. Section 36–254.

4. Generally, all vehicles must be driven on the right half of the roadway. La. R.S. 32:71. Specifically, "[e]very person operating a bicycle upon a roadway shall ride as near to the *right side of the roadway* as practicable...." (Emphasis added). La. R.S. 32:197(A).