# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30572
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2017

Lyle W. Cayce
Clerk

DANNY MCCADNEY,

Plaintiff-Appellant

v.

LOUIS HAMILTON, Sergeant,

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-824

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Danny McCadney, Louisiana prisoner # 129302, filed a complaint in the district court alleging that he suffered head, neck, and shoulder injuries when Sergeant Louis Hamilton kicked his cell door shut and he was caught in the door. The case was tried before a jury, which found that Hamilton had not violated McCadney's constitutional rights but that he was negligent. The jury found that McCadney had sustained $5,000 in damages and was 45 percent at

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fault.  After the district court's judgment was amended to correct a clerical error, McCadney moved to amend the amended judgment, complaining that the damage award was inadequate.  At a hearing on the motion, McCadney contended also that it was error to include comparative fault on the jury verdict form and that the verdict was inconsistent.  The motion was denied.  McCadney gave timely notice of his appeal from the amended judgment and from the order denying the motion to amend the judgment.

Because the motion to amend the judgment was filed within 28 days of entry of the amended judgment, we have regarded it as a motion under Federal Rule of Civil Procedure 59(e).  Amendment of a judgment under Rule 59(e) is appropriate to correct a manifest error of law or fact.  *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).  Our review is for an abuse of discretion.  *See Tyler v. Union Oil Co. of Calif.*, 304 F.3d 379, 405 (5th Cir. 2002).  McCadney's timely notice of appeal from the order denying the motion brings up the amended judgment for review.  *See Martinez v. Johnson*, 104 F.3d 769, 771 (5th Cir. 1997).

McCadney contends that Hamilton waived the affirmative defense of comparative fault by failing to assert it in his answer or pretrial order.  He asserts that the district court erred by instructing the jury to apportion comparative fault and that its interrogatory addressing comparative fault was confusing and resulted in an inconsistent jury verdict and an inadequate damage award.

"Under Louisiana Civil Code article 2323, juries are asked to allocate fault among the parties responsible for [a] plaintiff's injury."  *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 344 (5th Cir.), *opinion amended on other grounds on denial of reh'g*, 274 F.3d 881 (5th Cir. 2001).  Fault is attributed where (1) one's actions fall below the standard of care for a reasonable person under the

circumstances, and (2) one's substandard conduct caused injury. *Id.*; *see also Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408, 1415 n.11 (5th Cir. 1993); Comparative fault is an affirmative defense. *Otillio v. Entergy La., Inc.*, 836 So. 2d 293, 295 (La. Ct. App. 2002); *see also Lucas v. United States*, 807 F.2d 414, 417 (5th Cir. 1986) (question whether a legal theory is an affirmative defense is determined by state law).

Under Rule 8, affirmative defenses are to be pleaded in a defendant's answer. FED. R. CIV. P. 8(b)(1)(A) & (c)(1) (listing contributory negligence as an affirmative defense that must be pleaded). "Where the matter is raised in the trial court in a manner that does not result in unfair surprise, however, technical failure to comply precisely with Rule 8(c) is not fatal." *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983). The district court's determination that a plaintiff has not been unfairly surprised or prejudiced by a defendant's untimely assertion of an affirmative defense is reviewed for an abuse of discretion. *See LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 401-02 (5th Cir. 2014). McCadney did not contend in the district court, and he does not contend on appeal, that he was unfairly surprised by Hamilton's assertion of the defense of comparative fault. His contention, rather, is that the defense was waived and was inconsistent with Hamilton's general denial. We have reviewed the record and conclude that it supports the district court's reasoning that McCadney was aware that his comparative fault was an issue in the case. The evidence was sufficient to support the district court's decision to give the instruction. No abuse of discretion has been shown. *See id.*

In arguing that the jury's damage award was grossly inadequate and should be modified, McCadney complains that the verdict was inconsistent, in that the jury found that Hamilton was negligent but assessed only nominal damages. There was evidence, however, from which the jury could have found

that McCadney's injuries had other causes.  McCadney has not shown that the jury's finding involved a manifest error of fact or that the district court abused its discretion in denying the Rule 59(e) motion challenging the quantum of damages.  *See Demahy*, 702 F.3d at 182 n.2; *Tyler*, 304 F.3d at 405.

The amended judgment and the order denying the Rule 59(e) motion are AFFIRMED.