AYSE S. MANN

VERSUS

LOUISIANA-1 GAMING, A LOUISIANA
PARTNERSHIP IN COMMENDAM D/B/A
BOOMTOWN CASINO NEW ORLEANS AND
JEFFERSON PARISH DEPARTMENT OF
WATER

NO. 21-CA-83

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 778-509, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

December 15, 2021

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and Hans J. Liljeberg

**AFFIRMED**
    **RAC**
    **MEJ**
    **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
AYSE S. MANN
    Jonathan C. Pedersen
    D. Douglas Howard, Jr.

COUNSEL FOR DEFENDANT/APPELLEE,
LOUISIANA-I GAMING, A LOUISIANA PARTNERSHIP IN COMMENDAM
D/B/A BOOMTOWN CASINO NEW ORLEANS AND ZURICH AMERICAN
INSURANCE COMPANY
    Wade A. Langlois, III
    Gino R. Forte

**CHAISSON, J.**

This appeal is taken from a September 18, 2020 judgment of the trial court which awarded $165,061.98 in damages to Ayse S. Mann in her trip-and-fall suit against Louisiana - I Gaming, a Louisiana Partnership in Commendam d/b/a Boomtown Casino New Orleans ("Boomtown") and Jefferson Parish Department of Water ("Jefferson Parish"). For the following reasons, we affirm the judgment of the trial court.

**BACKGROUND**

This suit arises from a trip-and-fall accident which occurred on the night of July 3, 2017, at approximately 10:00 p.m., when Ms. Mann tripped and fell on a concrete valve pad while walking to her car in the Boomtown parking lot causing her to severely injure her left ankle.

On December 11, 2017, Ms. Mann filed a petition for damages naming as defendants Boomtown and Jefferson Parish. Prior to trial, Ms. Mann voluntarily dismissed her claims against Jefferson Parish. The case proceeded to a three-day trial on the merits conducted on August 10-12, 2020. Post-trial memoranda were submitted, and the court took the matter under advisement.

Over the course of the three-day trial, Ms. Mann offered the following evidence in support of her claim: photographs of the parking lot and the concrete valve pad, medical records and bills, a copy of the Boomtown incident report, and the live testimony of seven witnesses, including herself. Boomtown also offered evidence including photographs, medical records, casino records, and the live testimony of three witnesses.

On September 18, 2020, the court rendered a final judgment wherein it found that Boomtown was negligent pursuant to La. R.S. 9:2800.6 and allocated 25% comparative fault, that Ms. Mann was negligent in causing her own injuries and therefore 75% at fault, and that Jefferson Parish was not at fault. The trial

court awarded Ms. Mann general damages in the amount of $400,000.00 and special damages for past and future medical expenses in the amounts of $205,076.00 and $55,171.90 respectively. The total damage award of $660,247.90 was reduced by 75% for Ms. Mann's percentage of fault, resulting in a final damages award of $165,061.98.

In its written reasons for judgment, the trial court stated that it specifically held that Ms. Mann had met her burden of proof under La. R.S. 9:2800.6 because the defective valve pad presented an unreasonable risk of harm that was foreseeable to Boomtown, that Boomtown had constructive notice of the defective condition of the valve pad prior to the incident, and that Boomtown failed to exercise reasonable care by failing to adequately inspect the area. The trial court also found that Ms. Mann was familiar with the area as a frequent visitor to Boomtown and that she was wearing shoes with five-inch heels and chose to walk in the unpaved portion of the median rather than the adjacent sidewalk. With regards to medical damages, the trial court specifically found that Ms. Mann had suffered injury to her left ankle as well as her lower back as a result of the fall and subsequent changes in her gait related to her ankle injury. The written reasons for judgment detailed no specific findings relating to Jefferson Parish.

Ms. Mann filed a timely appeal in which she assigns as error the trial court's assessment of any comparative fault to her, or, in the alternative, that the assessment of 75% comparative fault is too high.

Boomtown filed an answer to the appeal in which it argues the trial court erred in assigning any liability to Boomtown, in failing to allocate any fault to Jefferson Parish, and in the court's measurement of general and special damages.

**DISCUSSION**

Since both parties to the appeal assign as error the allocation of fault, we begin by reviewing the record to determine whether the evidence reasonably

supports these findings with regards to Boomtown, Ms. Mann, and Jefferson Parish.

*Liability*

A determination of negligence or fault is a factual determination. *Prejeant v. Gray Ins. Co.*, 15-87 (La. App. 5 Cir. 9/23/15), 176 So.3d 704, 708. The appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard, which precludes the setting aside of a trial court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. *Palmisano v. Ohler*, 16-160 (La. App. 5 Cir. 12/7/16), 204 So.3d 1134, 1137. The issue to be resolved on review is not whether the judge was right or wrong, but whether the judge's fact-finding conclusion was a reasonable one. *Id*. Allocation of fault between comparatively negligent parties is a finding of fact. *Normand v. Jones*, 12-508 (La. App. 5 Cir. 4/10/13), 115 So.3d 1. When there are two permissible views of the evidence, the findings of the trier of fact cannot be manifestly erroneous or clearly wrong. *Id.*

The burden of proof for Ms. Mann's claims against Boomtown are set forth in Louisiana's merchant liability statute, La. R.S. 9:2800.6. Pursuant to this statute, the claimant has the burden of proving, in addition to all other elements of his cause of action: (1) that the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) that the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and (3) that the merchant failed to exercise reasonable care.

On appeal, Boomtown argues that Ms. Mann failed to meet her burden on the first of these factors: the valve pad presented an unreasonable risk of harm, and also relies on its affirmative defense of comparative fault in arguing that Ms. Mann is at fault for her own injuries. The party asserting the affirmative defense of

comparative fault bears the burden of proving, by a preponderance of the evidence, that the negligence of the other party was the cause in fact of the accident. *Otillio v. Entergy Louisiana, Inc.*, 02-718 (La. App. 5 Cir. 12/11/02), 836 So.2d 293, 295.

In her argument that no comparative fault should have been assigned to her, Ms. Mann focuses on two statements made in the trial court's written reasons for judgment, in particular the comments about wearing five-inch high heel shoes and choosing to walk through an unpaved grassy median rather than through the paved sidewalk. Ms. Mann argues that defendants did not provide evidence, other than the shoes themselves and Ms. Mann's own testimony that the shoes contributed to her fall. Reading through the trial testimony and evidence, it is clear that the exact mechanics of how Ms. Mann fell on the concrete valve pad were disputed (*i.e.*, whether the pad did or did not "wobble," what caused her to lose her balance, *etc.*). Whether or not the high heeled shoes were a cause-in-fact, even in part, to her fall is a factual determination. Reasonable minds could differ as to what degree, if any, the shoes contributed to this incident, and, upon our review of the evidence, we do not find the trial court's factual findings on this point manifestly erroneous.

Similarly, Ms. Mann argues on appeal that the trial court improperly imputed an "awareness of the danger" to Ms. Mann in assigning her comparative fault, though this is not a finding articulated in the trial court's reasons for judgment. Again, what Ms. Mann knew or should have known concerning the dangers of walking through a grassy median in high heel shoes is a factual determination that was disputed at trial. Boomtown argues that Ms. Mann was aware of the danger as someone who had walked through the area many times and who, in her trial testimony, admitted to having seen the concrete valve pad before stepping on it. Ms. Mann argued that while she did see the valve pad, she did not see the condition of the pad and had no reason to believe that stepping on it would cause her to fall. What Ms. Mann knew or was aware of at the time of the fall is a

factual finding for which the best evidence is her own testimony. In such situations where findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trier of fact's findings, because only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. *Palmisano*, 204 So.3d at 1137 (citing *Rosell v. ESCO*, 549 So.2d 840, 844 (La. 1989)). Upon review, we again do not find the trial court's factual findings on this point manifestly erroneous.

Boomtown argues that Ms. Mann failed to meet her burden in showing that the valve pad presented an unreasonable risk of harm that was reasonably foreseeable to it as required under La. R.S. 9:2800.6. This argument, like Ms. Mann's argument concerning the use of high heel shoes, depends heavily on the trial court's factual determinations concerning the mechanics of how Ms. Mann fell. Ms. Mann testified that the pad "wobbled" when she stepped on it, and that this caused her foot to be lodged and then she fell. Boomtown's expert witness, Kevin Vanderbrook, testified that the pad moved no more than 1/8" when he examined it. Another witness, Jeannine Richert, who is the Risk and Safety Manager for Boomtown, testified that the pad did not wobble when she examined and touched it. Boomtown claims that Ms. Mann's testimony is self-serving and unsupported by evidence, but the trial court clearly chose to credit Ms. Mann's testimony. Upon our review of the record, we do not find that the trial court manifestly erred in its finding that the valve pad presented an unreasonable risk of harm reasonably foreseeable to Boomtown.

Boomtown next argues that any liability for the condition of the valve pad should have been assigned to Jefferson Parish because the Parish also had custody or *garde* of the valve pad pursuant to a servitude for the Parish to access the valve pad. Boomtown further argues that there was a collaborative maintenance effort

between Jefferson Parish and Boomtown in maintaining the valve cover pad and that the Parish reset the valve cover in September of 2015.

The liability of Jefferson Parish is governed by La. R.S. 9:2800, which states that the public entity is liable if (1) the thing that caused the damage was in the care of custody of the public entity, (2) the thing was defective due to a condition that created an unreasonable risk of harm, (3) the public entity had actual or constructive notice of the condition yet failed to take corrective action within a reasonable period of time, and (4) the defect was a cause in fact of the plaintiff's harm.

Boomtown relies on the testimony of Ms. Mann's expert witness, Jeffrey Stolier, who testified that Jefferson Parish (which was responsible for the design, construction, and placement of the valve pad) created a hazard by placing the valve pad in such a way that rainwater running down from a nearby tree would undermine the pad. Boomtown argues that, as a result of creating the allegedly hazardous condition, Jefferson Parish had constructive notice of the condition of the pad, and that its employees had ample opportunity to see the condition of the pad on their numerous visits to the property.

The trial court also heard the testimony of the Director of Jefferson Parish Water Department, Mr. Sidney Bazley, who stated that the valve pad did not pose a hazard to pedestrians at the time the Parish completed its repairs in October of 2015 and that Parish employees entering the property to read the water meter would not see the valve pad at issue when entering the property. Though not stated in its reasons for judgment, it appears that the trial court did not find that Jefferson Parish had actual or constructive notice of the condition of the valve pad. Upon our review of the record, we do not find any manifest error in this determination, and therefore conclude that the trial court did not err in assigning no fault to Jefferson Parish.

*Damages*

In its answer to the appeal, Boomtown argues that the trial court erred in awarding special damages for Ms. Mann's alleged back pain and treatment and that the award of damages was excessive.

With regard to special damages, in a suit for personal injuries, the plaintiff bears the burden of proving the causal connection between the accident and the complained of injuries. *Stevenson v. Serth*, 14–846 (La. App. 5 Cir. 3/25/15), 169 So.3d 612, 615. The test for determining the causal relationship between the accident and subsequent injuries is whether the plaintiff proved, through medical testimony, that is was more probable than not that the subsequent injuries were caused by the accident. *Id*. Whether an accident caused a person's injuries is a question of fact which should not be reversed on appeal absent manifest error. *Bush v. Mid-S. Baking Co. LLC*, 15-540 (La. App. 5 Cir. 5/26/16), 194 So.3d 1170, 1177.

In awarding general damages, the trier of fact is afforded great discretion. La. C.C. art. 2324.1. An appellate court may only disturb a general damages award after an articulated examination of the facts discloses an abuse of that discretion. *Normand v. Jones*, 12–508 (La. App. 5 Cir. 4/10/13), 115 So.3d 1, 5. It is only when the award is beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La. 1993).

It is uncontested that Ms. Mann suffered a severe and traumatizing injury when she fell. The trimalleoar ankle fracture she sustained required five surgical treatments which included the installation and removal of various internal and external fixation hardware. At trial, Ms. Mann introduced into evidence the transcript testimony of her treating orthopedic trauma surgeon, Dr. James Mautner,

as well has her medical records, and her own testimony in support of the causal connection between the accident and her injuries. Ms. Mann also introduced into evidence the testimony of Dr. Patrick Waring, who began treating her in August of 2019 for leg and back pain.

Boomtown argues that Ms. Mann failed to prove a causal connection between the accident and her back pain. In support of this argument, they point to Ms. Mann's 2018 deposition testimony where she did not claim any back pain as well as Ms. Mann's treatment for back pain in 2015 prior to her accident. Boomtown also claims that Dr. Waring's testimony wherein he stated that the cause of Ms. Mann's back pain was brought about because the ankle fracture changed her gait was purely speculative testimony. Boomtown argues that, due the lack of medical causation of Ms. Mann's alleged back complaints, the award for general damages should be reduced and past medical expenses reduced.

Upon review of the record, we do not find that the trial court manifestly erred in finding the 2017 accident caused Ms. Mann's back pain. While Boomtown introduced contrary evidence, the trial court's conclusion is reasonably supported by the testimony of Ms. Mann and her doctors. Accordingly, we find no basis for altering the trial court's award of damages, special or general.

**CONCLUSION**

This case, like many trip-and-fall cases, presents many contested questions of fact. Upon review, we do not find that the trial court manifestly erred in either the assignment of liability or the award of damages. We find these to be reasonably supported by the evidence in the record as a whole. Accordingly, the judgment of the trial court is affirmed.

<u>**AFFIRMED**</u>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 15, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-CA-83**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
D. DOUGLAS HOWARD, JR. (APPELLANT)      JONATHAN C. PEDERSEN (APPELLANT)      GINO R. FORTE (APPELLEE)
WADE A. LANGLOIS, III (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED