# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2022

Lyle W. Cayce
Clerk

No. 20-10401

United States of America,

*Plaintiff—Appellee*,

*versus*

Ronald William Brooks,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-1680

Before Richman, *Chief Judge*, and Costa and Ho, *Circuit Judges*.
Per Curiam:*

Ronald Brooks was under indictment for federal drug charges. When FBI officers tried to arrest him, he escaped and broke into an apartment where he held a woman and two children hostage at gunpoint. He eventually surrendered to the officers. A grand jury returned a superseding indictment, charging Brooks with additional counts of: (1) kidnapping; (2) being a felon

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

in possession of a firearm; and (3) using, carrying, and brandishing a firearm during and in relation to a "crime of violence"—the underlying offense being kidnapping—in violation of 18 U.S.C. § 924(c).

Brooks entered into a plea agreement. He pleaded guilty to the kidnapping, felon-in-possession, and Section 924(c) charges in exchange for the government's dropping the drug charges. The parties also agreed, under Federal Rule of Criminal Procedure 11(c)(1)(C), to a stipulated sentence of 204 months in prison. The district court had some trepidation about the leniency of the stipulated sentence, as Brooks otherwise would have faced a Guidelines range of 262–327 months with at least another seven years added on for the Section 924(c) conviction. The court nonetheless accepted the plea agreement and sentenced Brooks to concurrent 120-month terms on the kidnapping and felon-in-possession charges and a consecutive 84-month term on the Section 924(c) charge.

More than three years later, Brooks filed a Section 2255 motion challenging his Section 924(c) conviction as unconstitutional under *Johnson v. United States*, 576 U.S. 591 (2015). He claimed that kidnapping was no longer a crime of violence that could serve as a Section 924(c) predicate.

In its answer, the government argued that Brooks's motion was time-barred because it was filed more than a year after his conviction became final. The government additionally argued that *Johnson* did not restart the statute-of-limitations clock because that case did not concern the statute under which Brooks was convicted. But soon after, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019). That case did involve the definition of "crime of violence" for Section 924(c) and thus directly supported his argument that the conviction was unconstitutional. *See id.*

The district court ordered supplementary briefing in light of *Davis*. In response, the government invoked a provision in Brooks's plea agreement

waiving the "right to contest [the] conviction and sentence in any collateral proceeding."     The district court adopted the magistrate judge's recommendation to enforce the waiver and dismissed Brooks's motion.  It then granted a certificate of appealability on: "(1) whether the Government forfeited the right to invoke the post-conviction remedy waiver, (2) whether the waiver bars [Brooks's] *Davis* claim, and (3) whether the waiver is unenforceable under the miscarriage of justice exception."

We begin with Brooks's argument that the government's invocation of the waiver in the plea agreement was untimely.  He argues that by failing to invoke the waiver in its original answer, the government waived Brooks's waiver.

Although affirmative defenses like waiver should generally be set forth in responsive pleadings, *see* FED. R. CIV. P. 8(c), "technical failure to comply precisely with Rule 8(c) is not fatal." *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 856 (5th Cir. 1983).  What matters is whether the defense was raised "at a pragmatically sufficient time" and the opposing party was "prejudiced in its ability to respond." *Id.*  District courts are thus not barred from considering defenses raised after the initial answer. *See, e.g.*, *Smith v. Travelers Casualty Ins. Co. of Am.*, 932 F.3d 302, 309–10 (5th Cir. 2019) (upholding district court decision to consider affirmative defenses raised in amended answers); *McCadney v. Hamilton*, 706 F. App'x 188, 190 (5th Cir. 2017) (upholding district court decision to consider affirmative defense not raised until trial because plaintiff was aware that the defense was an issue in the case); *Bradberry v. Jefferson County*, 732 F.3d 540, 553 (5th Cir. 2013) (upholding district court decision to consider affirmative defense raised in amended answer because plaintiff had opportunity to respond and was not unfairly surprised).  Nor are there rigid limitations on when and how pleadings can be amended. *See Smith*, 932 F.3d at 309 ("Proper amendment to an answer, pursuant to Rule 15(a), is one way—though not the only way—

to preserve an affirmative defense."); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1278 (4th ed. 2022) ("Even as late as the trial, if evidence relating to an unpleaded affirmative defense is introduced without objection, Rule 15(b) requires the pleadings to be treated as if they actually had raised the defensive issue.").

Only when the government fails to invoke a waiver of postconviction rights until the appellate stage do we typically overlook it. *See, e.g.*, *United States v. Griffin*, 946 F.3d 759, 761 n.1 (5th Cir. 2020) ("Although Griffin waived the right to collaterally attack his conviction in his plea agreement, the government forfeited the right to invoke Griffin's waiver by failing to assert waiver in the district court."); *United States v. Alexander*, 808 F. App'x 234, 236 n.1 (5th Cir. 2020) (not enforcing waiver that was raised only in a Rule 28(j) letter); *United States v. Wiese*, 896 F.3d 720, 722 n.1 (5th Cir. 2018) (refusing to enforce waiver of postconviction rights because government did not invoke it). Indeed, we allow district courts to enforce a waiver of postconviction rights without waiting to see whether the government would invoke it, assuming that "absent word otherwise[,] the government will seek enforcement of a waiver it bargained for." *See United States v. Del Toro-Alejandre*, 489 F.3d 721, 723 (5th Cir. 2007).

Brooks's argument that the government was late in raising waiver thus fails. The government invoked the waiver at a pragmatically sufficient time, once it realized that another affirmative defense it relied on—statute of limitations—would not work because of *Davis*. And Brooks was not prejudiced in his ability to respond. He replied to the government's waiver argument twice before the district court ruled—once after the government submitted its amended response and once after the magistrate judge recommended enforcing the waiver.

No. 20-10401

Although the government in one of its filings labelled the statute of limitations as "the only issue remaining," the government was only quoting some stray language from the district court's order asking the parties whether a stay was warranted in light of the certiorari grant in *Davis*. It was not affirmatively relinquishing the plea agreement waiver. The district court thus correctly allowed the government to invoke Brooks's waiver.

That timely invocation of Brook's waiver resolves this case. We recently held that plea waivers of the right to collaterally attack a sentence apply to *Davis* claims. *United States v. Caldwell*, -- F.4th --, 2022 WL 2462834, at *1 (5th Cir. July 6, 2022) (citing *Grzegorczyk v. United States*, 142 S. Ct. 2580, 2580 (2022)). And here, Brooks's waiver was part of a plea agreement that provided him with major benefits: the government dismissed the drug charge and agreed to a total sentence that was still years below the bottom of his Guidelines range for just the kidnapping and felon-in-possession convictions.

We AFFIRM.